COLEMAN & BALOGH LLP
ETHAN A. BALOGH, No. 172224
235 Montgomery Street, Suite 1070
San Francisco, CA 94104
Telephone: 415.391.0440
Facsimile: 415.373.3901
eab@colemanbalogh.com

Attorneys for Petitioner
DONALD KOLLMAR

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONALD KOLLMAR,<br><br>*Petitioner*,<br><br>v.<br><br>UNITED STATES PRETRIAL SERVICES, NORTHERN DISTRICT OF CALIFORNIA,<br><br>*Respondent*. | Case No.  20 Cv. 1388 LHK<br><br>DECLARATION OF BRIAN GREENSPAN |

I, Brian Greenspan, declare under penalty of perjury as follows:

1. I am a criminal defence lawyer in Toronto, Canada. Unless otherwise expressly noted, I state the following on personal knowledge. I have practiced exclusively criminal defence for the past 45 years. I have significant experience defending cases involving constitutional issues, including claims for relief under the *Charter of Rights and Freedoms*. I have been retained by Mr. Kollmar in Canada to defend the charges.

2. I have reviewed the brief filed by the United States Attorney's Officer opposing Mr. Kollmar's petition for habeas corpus relief. With respect to Criminal Code of Canada s. 149 (indecent assault), the purpose of this statute was to capture all elements of sexual impropriety between a male and a female that fell short of fellatio/cunnilingus, vaginal penetration, or anal penetration. The latter conduct was captured at the time by the offences of gross indecency (s. 157), rape (s. 143), and buggery (s. 155). Acts of sexual impropriety committed by a male against a male complaint were addressed separately under s. 156 of the Criminal Code (indecent assault on male). S. 149 violations address proscribed conduct irrespective of the age of the alleged victim. I attach hereto the following cases that support my contentions: *R. v. Maurantonio* (sustaining section 149 violation where defendant falsely told adult female patients he was a doctor); *King v. Smith* (sustaining section 149 violation for assault against adult female who had accepted defendant's offer of a ride); *R. v. Jenick* (sustained indecent assault charge under section 149 arising from grabbing victim by the neck, kissing her, and holding her hand on the accused's penis); *R. v. Gale* (sustained section 149 indecent assault charge arising from pinch of buttocks).

3. I also take issue with the prosecution's argument that "constitutional principles under the Canadian Charter, such as due process, are not incorporated into the Treaty's lapse of time

provision." ECF 9 at 32:5-7. That contention is both incorrect and misleading. In fact, in the *United States v. Cobb and Grossman*, [2001] 1 SCR 587, a case in which I appeared as counsel, a unanimous Supreme Court of Canada reaffirmed that "…both the extradition hearing and the exercise of the executive discretion to surrender a fugitive must conform with the requirements of the Charter, including the principles of fundamental justice…" Therein, Justice Arbour, writing for the Court, stated:

> This Court has confirmed, in *Canada v. Schmidt*, [1987] 1 S.C.R. 500, at pp. 520-21, and again, more recently, in *United States v. Burns*, [2001] 1 S.C.R. 283, 2001 SCC 7, that the Charter applies to extradition proceedings in the sense that the treaty, the extradition hearing in Canada and the exercise of the executive discretion to surrender the fugitive all have to conform to the requirements of the Charter. The committal judge presides over a judicial hearing and he or she must ensure that the hearing itself is conducted in accordance with the principles of fundamental justice (s. 7).

In light of the judgment of the Supreme Court of Canada in *Regina v. Jordan*, 2016 SCC 27, which established a constitutional ceiling of thirty months between the time of the charge and the conclusion of the trial, beyond which delay is presumptively unreasonable, I continue to contend that having regard to the facts of these proceedings there would be a constitutional bar to this prosecution in Canada.

I state the foregoing is true and correct under penalty of perjury of the laws of the United States of America.

DATED: June 2, 2020

_____
BRIAN GREENSPAN

2